**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **WILFREDO RIVERA SANABRIA,** | : | |
| | : | |
| **Movant,** | : | |
| | : | |
| **v.** | : | **Criminal No. 5:24-cr-18-MTT-CHW-1** |
| | : | **Civil No.: 5:26-cv-327-MTT-CHW** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Proceedings Under 28 U.S.C. § 2255** |
| **Respondent.** | : | **Before the U.S. Magistrate Judge** |
| | : | |

**ORDER**

Before the Court is a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 (Doc. 109) and a Motion for Leave to Conduct Discovery (Doc. 110) filed by Movant Wilfredo Rivera Sanabria, *pro se*. Movant failed to use the standard form petition for § 2255 motions. Therefore, the Court is unable to conduct an initial review of his motion in accordance with the provisions of Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts at this time.

It is **ORDERED** that Movant **RECAST** his § 2255 motion to vacate **within 30 days of the date of this order**, in which he must clearly enumerate all his grounds for habeas relief. If Movant fails to recast his motion, the pending motion (Doc. 100) will be construed as a § 2255 motion and Movant will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in the original motion. Pursuant to *Castro v. United States*, 540 U.S. 375, 377 (2003), Movant is also advised that if he fails to recast his § 2255 motion, so that his pending motion is characterized as a § 2255 motion, the filing will subject any future § 2255 motion to the restrictive conditions federal law imposes upon second or

successive Section 2255 motions. *See* 28 U.S.C. § 2255(h). The Clerk of Court is **DIRECTED** to provide Movant with a copy of the required § 2255 form petition.

At this stage, Movant is notified that the appropriate grounds for collateral review pursuant to § 2255 are extremely limited. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). A prisoner is generally entitled to relief under § 2255 if the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). Importantly, collateral review is not a substitute for direct appeal. *See Lynn*, 365 F.3d at 1232.

It is further **ORDERED** that the United States Attorney **RESPOND** to the claims raised in Movant's recast motion, if one is filed, or the original filing, if an amended motion or recast petition is not filed, by filing an answer or other responsive pleading pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts within **60 days** of the date of this order.

*Motion for Leave to Conduct Discovery (Doc. 110)*

Movant also filed a motion for leave to conduct discovery as to his § 2255 claims. (Doc. 110). While Movant is correct that leave of court is necessary to conduct discovery in this matter, the request is premature given the Court's direction to recast the petition and that the Government's response is not yet due. The motion for leave to conduct discovery is **DENIED** at this time.

**SO ORDERED AND DIRECTED**, this 5th day of August, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge